## POWER v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9388.

Circuit Court of Appeals, Eighth Circuit.
Nov. 18, 1932.

William H. Oppenheimer, of St. Paul, Minn. (Frederick N. Dickson, Frank C. Hodgson, Montreville J. Brown, Stan D. Donnelly, and Edwin B. Baer, all of St. Paul, Minn., on the brief), for petitioner.

John MacC. Hudson, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., J. Louis Monarch, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Brooks Fullerton, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for respondent.

Before STONE and KENYON, Circuit Judges, and OTIS, District Judge.

STONE, Circuit Judge.

This is a petition to review the action of the Board of Tax Appeals which affirmed the Commissioner in a deficiency tax assessment on certain income (from a trust) which petitioner claims was assigned to her husband and taxable to him and not to her. The taxable year is 1924 in this petition. Other petitions covering the same matter for the years 1926 and 1927 are, under stipulation, to abide the result here.

The will of the mother of this petitioner established a trust in certain personal property for the benefit of petitioner, her sister, and their descendants. In so far as the petitioner was concerned, the terms of the trust provided the income from the trust estate should be paid in equal parts to the two daughters, with right in the survivor to the entire income, both for life. The sole interest of petitioner in the trust was this life income therefrom. There was no restraint or limitation as to the right of these two beneficiaries to alienate.

In 1923, petitioner executed an assignment to her husband of "one third of the income of the trust estate * * * to which [she] * * * may be or may become entitled to under and by virtue of the terms of the will * * * and the trust therein created." The assignment was expressly made subject to the "conditions subsequent" that any alienation or disposition by him of "anticipated income or income payable in the future" or any insolvency or "other means" preventing personal enjoyment of the income by him and resulting in the income vesting in or being payable to some other person should terminate his interest in all income payable thereafter and operate as a reversion to her. Assignment of the income by her husband was expressly prohibited. Upon the same date, petitioner served an authorization on the trustees for payment direct by them to her husband of the assigned income. The pertinent portion thereof is as follows:

"The undersigned, Hazel E. Power, has this day executed and delivered to her husband, Charles E. Power, an assignment of a one-third interest in the income to which she will become entitled under the terms of the trust estate created by her mother. A duplicate original of said assignment is hereto attached and made a part hereof.

"The undersigned hereby requests that in distributing the income to which the undersigned may become entitled to receive under the terms of said will and the trust thereby created, that at the time of distribution, you distribute the same in two checks, one for two-thirds of the amount to the undersigned, Hazel E. Power, and one for one-third of the amount to my husband, Charles E. Power."

Several matters are argued here respecting the effectiveness of this assignment to transfer this income so that it would not constitute income taxable to petitioner. We think such matters not controlling under the facts of this case. Whatever the legal effect of this assignment in so far as transferring title not only to future income but also to the equitable interest from which such income would be derived, the record is clear that the assignment did not actually remove this income from control of petitioner. The assignment is silent as to whether the assigned income was to be paid direct to the as-

626

signee by the trustees, but an authority to the trustees to pay direct was served upon the same day the assignment was executed and delivered to the assignee. If this were all, it might well be determined that such direction was within the intention of the parties in making the assignment and should be regarded as a part of that transaction. The facts are, however, that no part of the assigned income was so paid. At the direction of both parties, these payments were made to a designated bank as payee "for deposit to their joint bank account." Thus petitioner never lost control of this income as matter of fact, and it never became the separate property of the assignee. As to actualities, the assignment might have been a blank page. The record is silent even as to whether the joint bank account resulted from the assignment, although that would not be controlling. It may be that this assignment was executed with no thought of taxation liability. Be that as it may, tax statutes are not so easily avoided or evaded. The facts are that this entire matter starts with a trust estate in which petitioner has a right to one-half the annual income, and ends with that income paid by the trustees, at her direction, to a joint bank account of herself and her husband. Whatever her intentions and whatever she did concerning the disposition of her income or interest in the trust estate, the net result was that her entire income under the trust was deposited directly to an account over which she had entire control.

The determination of the Board of Tax Appeals was correct, and this petition must be dismissed.

Under the stipulation that the result of this appeal shall govern disposition of the appeals for the tax years 1926 and 1927, like orders will be made therein.